Richard Morin (SBN 285275)
Law Office of Rick Morin, PC
21163 Newport Coast Drive #206
Newport Coast, CA 92657
Phone: (949) 996-3094
Email: legal@rickmorin.net

Attorney for Plaintiff

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| Artin Matavousian,<br><br>Plaintiff,<br>v.<br><br>Gunnar Industries, LLC; and Does 1-10, inclusive<br><br>Defendants. | Case No. 2:26-cv-0307-JDP<br><br>**STIPULATION AND ~~[PROPOSED]~~ PROTECTIVE ORDER REGARDING CONFIDENTIAL MEDICAL INFORMATION** |

## STIPULATION

Plaintiff Artin Matavousian ("Plaintiff") and Defendant Gunnar Industries, LLC ("Defendant") (together, the "Parties"), through their counsel of record, stipulate as follows and request that the Court enter the Protective Order set out below pursuant to Federal Rule of Civil Procedure 26(c) and Local Rule 141.1.

### 1. Purpose and Scope

Plaintiff alleges that Defendant refused to rent a vacation condominium to him because he travels with a service animal, in violation of the Fair Housing Act, the California Fair Employment and Housing Act, and the Unruh Civil Rights Act. Plaintiff's disabilities and his need for the service animal are at issue. Defendant has served requests for production that call for Plaintiff's medical and mental-health records. Plaintiff has agreed to produce records sufficient to show the diagnosis and treatment of the conditions he has placed at issue, on the condition that the records are used only in this action

LAW OFFICE OF RICK MORIN

and are not disclosed beyond the persons identified below. This Stipulation and Protective Order governs that production and any later production or testimony of the same kind.

**2. Information Eligible for Protection (Local Rule 141.1(c)(1))**

The following categories of information may be designated "CONFIDENTIAL" under this Order: (a) medical records, treatment notes, clinical summaries, prescription records, test results, and correspondence from any physician, psychiatrist, psychologist, nurse practitioner, therapist, or other health care provider concerning Plaintiff; (b) deposition testimony, interrogatory answers, and declarations that quote or describe the contents of the records in category (a); and (c) health insurance identifiers, medical record numbers, dates of birth, and similar personal identifiers appearing in those records. Nothing else may be designated under this Order.

**3. Particularized Need for Protection (Local Rule 141.1(c)(2))**

The records in category (a) include psychiatric diagnoses, psychotropic medication histories, and sleep-study results, together with notes of Plaintiff's conversations with his treating providers. Plaintiff has a constitutionally protected privacy interest in that information, and the psychotherapist-patient relationship depends on the confidence that treatment records will not circulate beyond the purpose for which they are disclosed. Defendant has a legitimate need to test whether Plaintiff has a disability within the meaning of the statutes he invokes and whether his service animal is necessary to accommodate it. The information is relevant for that purpose and no other. Without an order, Plaintiff would be required either to withhold records that Defendant is entitled to see or to surrender his privacy interest in them entirely. The categories in paragraph 2 are limited to the information that carries that privacy interest, and the Order permits Defendant to use the records fully for the defense of this action.

**4. Why a Court Order Is Required (Local Rule 141.1(c)(3))**

A private agreement between counsel would not bind the witnesses, consultants, court reporters, and other non-parties who will handle the records in depositions, in motion practice, and at trial, and would provide no mechanism for the Court to resolve disputes over designation or to remedy an unauthorized disclosure. The records will be used in a deposition that has already been taken, in the Parties' motions for summary judgment, and at trial, each of which requires a procedure that non-parties and the Court will recognize. Only an order of the Court supplies that procedure.

LAW OFFICE OF RICK MORIN

**5. Designation**

A producing party designates a document by marking each page "CONFIDENTIAL" before production or, for documents already produced, by written notice identifying the Bates numbers within fourteen days after entry of this Order. Deposition testimony is designated by a statement on the record or by written notice within twenty-one days after the transcript is delivered; until that period runs, the entire transcript is treated as designated. A designation must be made in good faith and must be limited to material within the categories in paragraph 2. A party may not designate an entire deposition or an entire production set where only portions qualify.

**6. Permitted Use and Disclosure**

Designated material may be used only for prosecuting, defending, or attempting to settle this action. It may be disclosed only to: (a) the Parties, and the officers and managing members of Defendant who are assisting in the defense; (b) counsel of record and the employees of their offices working on this action; (c) consultants and experts retained for this action, after they sign the acknowledgment attached as Exhibit A; (d) court reporters and videographers; (e) the Court and its staff; (f) any witness at deposition or trial whom counsel in good faith believes has knowledge of the information, provided that the witness may not retain a copy; (g) the author or recipient of the document, or the treating provider who created it; and (h) any mediator or settlement officer. Every person in categories (c) and (f) who receives designated material must first be shown a copy of this Order and must agree on the record or in writing to be bound by it.

**7. Challenges to Designation**

A party that disputes a designation shall say so in writing, identifying the material and the ground. The Parties shall meet and confer by telephone or video within seven days, as Judge Peterson's standing procedures require. If the dispute remains, the designating party bears the burden of seeking relief from the Court under Local Rule 251 and the Court's informal discovery-conference procedure within fourteen days after the conference; otherwise the designation lapses. The material remains protected until the Court rules.

**8. Filing With the Court**

This Order does not authorize the filing of any document under seal. A party that wishes to file



LAW OFFICE OF RICK MORIN

designated material under seal must comply with Local Rule 141, and a party that wishes to file designated material in the public record shall first give the designating party seven days' written notice so that the designating party may seek a sealing order. Nothing in this Order restricts a party from quoting or describing designated material in a filing to the extent necessary to present an argument, subject to the notice requirement in this paragraph.

**9. Use at Trial**

This Order governs pretrial proceedings. The admissibility and treatment of designated material at trial, including any request that portions of the trial record be closed or sealed, will be decided by the trial judge on a motion made before trial. Local Rule 141.1(b)(3).

**10. Unauthorized Disclosure**

A party that learns that designated material has been disclosed to a person not authorized under paragraph 6 shall promptly notify the designating party in writing, make reasonable efforts to retrieve the material, and inform the recipient of the terms of this Order.

**11. Return or Destruction**

Within sixty days after the final disposition of this action, including any appeal, each receiving party shall return or destroy all designated material and certify in writing that it has done so. Counsel may retain one archival copy of pleadings, briefs, deposition transcripts, and expert reports that contain designated material, subject to the continuing obligations of this Order.

**12. Duration and Jurisdiction**

The obligations of this Order survive the termination of this action. Consistent with Local Rule 141.1(f), the Court will not retain jurisdiction to enforce this Order after the case is closed unless it orders otherwise; the Parties' obligations under paragraphs 6, 10, and 11 continue as a matter of contract between them after the Court's jurisdiction ends.

**13. No Waiver and No Admission**

Producing or receiving designated material does not waive any objection to its relevance or admissibility and does not concede that any designated material is in fact confidential. This Order does not alter the Parties' obligations under Federal Rule of Civil Procedure 26(e) or the deadlines in the Scheduling Order (ECF No. 15).



LAW OFFICE OF RICK MORIN

IT IS SO STIPULATED.

Dated: November ___, 2026

Law Office of Rick Morin, PC

By: Richard Morin
Attorney for Plaintiff Artin Matavousian

Dated: November ___, 2026

DONOHOO RHINE PC

By: Rodney L. Donohoo
Attorneys for Defendant Gunnar Industries, LLC

**ORDER**

Good cause appearing from the Parties' stipulation and the showing made under Local Rule 141.1(c), IT IS SO ORDERED. This Order does not authorize the filing of any document under seal; a party seeking to file designated material under seal must comply with Local Rule 141.

IT IS SO ORDERED.

Dated: November 24, 2026

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE



LAW OFFICE OF RICK MORIN

**EXHIBIT A**

**ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND**

I, ______________________________, declare that I reside at ______________________________________. I have read the Stipulation and Protective Order Regarding Confidential Medical Information entered in Matavousian v. Gunnar Industries, LLC, United States District Court for the Eastern District of California, Case No. 2:26-cv-00307-JDP. I understand its terms and agree to be bound by them. I will use material designated under the Order only for purposes of that action, will not disclose it to any person not authorized by the Order, and will return or destroy it when the action concludes. I submit to the jurisdiction of that Court for purposes of enforcing the Order.

Dated: ________________

Signature: ________________________________

Printed name: _____________________________

LAW OFFICE OF RICK MORIN